UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD RAY PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00521 ERW |
| ) | |
| TROY STEELE, and CHRIS KOSTER, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles [doc. #35], pursuant to 28 U.S.C. § 636(b). Having not received objections from Petitioner by the February 12, 2010 deadline, the Court entered judgment in favor of Respondents, and against Petitioner on February 24, 2010. On March 1, 2010, Petitioner filed a Motion for Reconsideration [doc. #40], which stated that he did not file objections because he never received a copy of Magistrate Judge Buckles' Report and Recommendation. He requested additional time to file objections, which this Court allowed. On March 25, 2010, Petitioner filed a general objection to the Report and Recommendation, requesting that this Court "review all claims and questions of fact de novo" and "review all materials and exhibits anew." (Objection, doc. #45). Since filing his objection, Petitioner also filed the following pending *pro se* Motions: Motion for Certificate of Appealability [doc. #46]; Motion for Production of Documents [doc. #48]; Motion to Re-Open Case [doc. #51]; and Motion to Amend Petitioner's Last Motion to the Magistrate Judge Report and Recommendation [doc. #52].

When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). Because Petitioner filed a general objection, the Court will now conduct a *de novo* review of Magistrate Judge Buckles' Report and Recommendation.

## I. BACKGROUND

Petitioner Donald Ray Phillips was convicted on March 20, 2003 of murder in the second degree, armed criminal action, and burglary in the first degree by a jury in the Circuit Court of Butler County, Missouri. Petitioner was sentenced as a prior and persistent offender to consecutive terms of: life for the murder charge, thirty years for the armed criminal action charge, and fifteen years for the burglary charge. (Transcript, Resp.'s Ex. A, p.554-55). Petitioner is currently serving his sentence at the Southeast Correctional Center in Charleston, Missouri. He appealed his convictions and sentence, and the Missouri Court of Appeals, Southern District, affirmed the trial court's judgment. *See State v. Phillips*, 134 S.W.3d 54 (Mo. Ct. App. 2004). Petitioner then filed a *pro se* motion for post-conviction relief pursuant to Missouri Court Rule 29.15, which was superseded by an amended motion under Rule 29.15 that was filed by Petitioner's attorney on his behalf. In that motion, Petitioner argued that: (1) the trial court ignored his request to proceed *pro se*, thereby denying him his constitutional right to self-representation and due process of the law, in violation of the Sixth and Fourteenth Amendments; (2) trial counsel failed to ask Troy Garner at trial about which co-defendant allegedly remained in the vehicle and which co-defendant allegedly entered the store, and failed to present evidence that Mr. Garner's deposition testimony about who entered the store and who

2

stayed in the car was contradictory to that of other witnesses; (3) trial counsel failed to enter as evidence a handwritten letter from Mike Croy which acknowledged that Petitioner was innocent; (4) trial counsel failed to call Ken Rodery, Rachel Rodery, Ronnie Gillihan, Mary Ann Graves, Richard Hastings, and Sandra Hastings as witnesses at trial; and (5) trial counsel failed to object to the prosecutor's statement during closing arguments which suggested that the law enforcement had even more incriminating evidence than what was presented at trial. Each of these claims was rejected and the motion for post-conviction relief was denied by the Circuit Court. (Legal File, Pet.'s Ex. C/Resp.'s Ex. E). Petitioner appealed, and the Missouri Court of Appeals, Southern District, affirmed the judgment of the Circuit Court. *See Phillips v. State*, 214 S.W.3d 361 (Mo. Ct. App. 2007).

On March 16, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [doc. #1], alleging fourteen grounds for relief: (1) that the trial court failed to allow Petitioner to proceed *pro se* at trial; (2) that law enforcement gave false testimony when they "denied knowing and talking to person who gave statement" about Petitioner; (3) that the prosecutor and investigators physically and mentally coerced Petitioner's co-defendants into making false confessions and giving false testimony; (4) that the State denied the existence of "biological and fingerprint evidence and partial DNA" that could have been used to eliminate him as a suspect; (5) that trial counsel failed to object to jury instruction six; (6) that trial counsel failed to utilize expert testimony; (7) that trial counsel failed to abide by Petitioner's desire to have "defense witnesses" and "endorsed witnesses" subpoenaed; (8) that trial counsel failed to adequately and properly conduct an investigation into discovery material; (9) that trial counsel had a conflict of interest because counsel had represented a co-defendant when the co-defendant

3

and Petitioner were first arrested; (10) that the co-defendant's car (alleged to have been used in the commission of the crime) "was broke down and at repair shop" during the relevant time period; (11) that trial counsel failed to investigate the theory that the victim committed suicide; (12) that trial counsel failed to ask "state witness" about a discrepancy between his trial testimony and pretrial deposition testimony and failed to ask the witness about a letter he wrote to Petitioner which stated that they were both innocent; (13) that law enforcement planted evidence, specifically a glove that they claimed belonged to Petitioner; and (14) that trial counsel failed to have "all biological evidence" tested, despite Petitioner's repeated requests. (Petition, doc. #1, p.5-11, 16-17). On January 29, 2010, Magistrate Judge Frederick R. Buckles issued a Report and Recommendation [doc. #35], which rejected each of Petitioner's fourteen grounds for relief. Petitioner then objected to the entirety of the Magistrate Judge's Report and Recommendation.

## II.    STANDARD OF REVIEW

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004).

## III. DISCUSSION

### A. EXHAUSTION OF STATE LAW REMEDIES

A federal district court cannot grant federal habeas corpus relief under 28 U.S.C. § 2254 to "a person in custody pursuant to the judgment of a State court," "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). In order to determine if the exhaustion requirement has been met, "the court must determine if the petitioner fairly presented 'the federal constitutional dimensions of his federal habeas corpus claim to the state courts.'" *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988) (quoting *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1988)). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile state remedies', through which the petitioner can present his claim." *Id.* (quoting *Laws*, 834 F.2d at 1412). This Court agrees with Magistrate Judge Buckles, and finds that Petitioner has exhausted

5

each of his fourteen claims, either by presenting them to a state court or because there are no available state remedies.

### B. PROCEDURAL DEFAULT

"A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default of that claim." *Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir. 2007) ("Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted."). "To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording such courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotations and citations omitted; alteration in original). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (internal quotations omitted). The Court finds that several of Petitioner's fourteen grounds for relief are procedurally barred, due to his failure to raise them in state court post-conviction proceedings.

#### 1. *Ground One*

First, Petitioner's Ground One, regarding the trial court's refusal to allow Petitioner to proceed *pro se* at trial, is procedurally barred because Petitioner failed to raise the claim of trial court error on direct appeal of his conviction. *See Middleton v. State*, 103 S.W.3d 726, 740 (Mo. 2003) (en banc) (noting that claims of trial error "must be raised on direct appeal and are not cognizable in a post-conviction motion"). The Court recognizes that Petitioner did raise the

6

claim in his amended post-conviction motion, however, the Missouri Court of Appeals, Southern District, held that "[s]ince [Petitioner] did not raise the issue on direct appeal he is precluded from raising it in a Rule 29.15 motion." *Phillips v. State*, 214 S.W.3d 361, 364 (Mo. Ct. App. 2007). "Federal courts may not grant habeas relief based on procedurally defaulted claims if the state court's reason for finding default rests on adequate and independent state grounds." *Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009). The Missouri Court of Appeals' rejection of Petitioner's post-conviction claim regarding *pro se* status was based solely on a state procedural rule (specifically, the requirement that claims of trial error must be raised on direct appeal)[1]; thus, "federal habeas review of the claim[] is barred unless [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In what the Court will interpret as an attempt to establish cause for the default, Petitioner argues that his counsel on direct appeal was ineffective in various respects. Specifically, Petitioner argues that he had "gross ineffective counsel on all levels" and that his attorney on the direct appeal of his conviction could not have filed a "meaningful direct appeal" because he

---

[1]The Missouri Court of Appeals did briefly examine the merits of Petitioner's claim regarding *pro se* status, however, this purely hypothetical exercise was performed under the assumption that Petitioner had actually raised the argument on direct appeal, an assumption that had just been squarely rejected by that court. This Court assumes that the state appellate court completed the merits analysis, which was otherwise unnecessary, to further strengthen its rejection of Petitioner's claim. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("Moreover, a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

7

didn't have Petitioner's complete file. (Pet.'s Reply, doc. #13, p.1). "Ineffective assistance of counsel may be cause excusing a procedural default," however, "the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002); *see also Tokar v. Bowersox*, 198 F.3d 1039, 1051 n.13 (8th Cir. 1999) (noting that "ineffectiveness of appellate counsel may not be asserted as cause to excuse a procedural default unless the petitioner has first presented this argument as an independent Sixth Amendment claim to the state courts"). The ineffective assistance of counsel arguments Petitioner makes in his Reply (and presumably in support of his cause for default argument) regarding his counsel on direct appeal were not raised by Petitioner in his state court motion for post-conviction relief. Accordingly, these arguments cannot now be used to demonstrate cause for default.

Petitioner also cannot prove that this Court's failure to consider his *pro se* status claim would result in a fundamental miscarriage of justice. The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). "The requirements to establish the requisite probability of innocence are high. [Petitioner] must first come forward with 'new' evidence, and then he must show that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (internal citation omitted) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) and *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner cannot meet this high standard. He makes only one reference to actual innocence in all of his multiple filings associated with the pending Petition, and that appears in passing in

8

response to a question regarding the relief requested. (Petition, doc. #1, p.14). As explained by the Eighth Circuit, a petitioner's "bare conclusory assertion that he is actually innocent is not sufficient to invoke the exception" because if "'protestation of innocence [were] the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted claims.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (quoting *Wyldes v. Hundley*, 69 F.3d 247, 254 (8th Cir. 1995)).

Thus, the Court concludes that Petitioner's Ground One, regarding the trial court's refusal to allow Petitioner to proceed *pro se* at trial, is procedurally barred.

    2.  *Grounds Two, Three, Four, Ten, and Thirteen*

The Court also finds that Petitioner's Grounds Two, Three, Four, Ten, and Thirteen are all procedurally barred. In Ground Two, Petitioner alleges that law enforcement gave false testimony when they "denied knowing and talking to person who gave statement" about Petitioner. In Ground Three, Petitioner alleges that the prosecutor and investigators physically and mentally coerced Petitioner's co-defendants into making false confessions and giving false testimony. In Ground Four, Petitioner alleges that the State denied the existence of "biological and fingerprint evidence and partial DNA" that could have been used to eliminate him as a suspect. In Ground Ten, Petitioner alleges that the co-defendant's car (alleged to have been used in the commission of the crime) "was broke down and at repair shop" during the relevant time period. In Ground Thirteen, Petitioner alleges that law enforcement planted evidence, specifically a glove that they claimed belonged to Petitioner.

Each of these five grounds for relief involve allegations of police and prosecutorial misconduct that are raised by Petitioner for the first time in his federal habeas petition.

9

"Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). Because Petitioner failed to raise the aforementioned police and prosecutorial misconduct claims in state court, this Court is now barred from considering them. *Id.* ("Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review.").

As explained in the preceding section, the only exception to this procedural bar is if Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This Court has already ruled out the latter option, by noting that Petitioner did not make any substantive claims of actual innocence. Thus, the Court will only consider whether Petitioner has made a showing of cause for defaulting on his police and prosecutorial misconduct claims, and prejudice resulting therefrom. With respect to Grounds Two and Three, Petitioner specifically argues that he did not raise the issues in state court because his appellate counsel refused to do so. With respect to Ground Four, Petitioner specifically argues that he did not raise the issue in state court because his attorneys failed to obtain lab reports and because the State withheld evidence and failed to disclose certain discovery material. Petitioner did not make any cause arguments specific to Grounds Ten and Thirteen, but the Court will assume that Petitioner would make a similar ineffective assistance of counsel argument. None of these excuses is sufficient to excuse procedural default. As explained above, in order for a claim of ineffective assistance of counsel to be sufficient cause to excuse procedural default, "the federal habeas petitioner must

have properly raised the ineffectiveness claim in state court." *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002). Any allegations of ineffective assistance of counsel with respect to Petitioner's trial counsel and counsel on direct appeal should have been raised in Petitioner's Rule 29.15 motion for post-conviction relief. Petitioner did not raise such claims, so they cannot be used to demonstrate cause for default. Moreover, to the extent that Petitioner argues that his post-conviction counsel was ineffective, such an argument cannot be used to establish cause for default because there is no constitutional right to effective counsel in post-conviction proceedings. *See Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007) (noting that "where there is no constitutional right to counsel there can be no deprivation of effective assistance"). Additionally, Petitioner's argument that the State withheld evidence is not sufficient because it is a bald, unsupported accusation; he fails to explain what evidence was withheld and how he was prejudiced by the State's failure to disclose. Thus, Petitioner has not demonstrated sufficient cause and prejudice for his procedural default of Grounds Two, Three, Four, Ten, and Thirteen.

The Court concludes that Petitioner's Grounds Two, Three, Four, Ten, and Thirteen are procedurally barred.

    3. *Grounds Five, Six, Eight, Nine, Eleven, Twelve, and Fourteen*

Grounds Five, Six, Eight, Nine, Eleven, Twelve, and Fourteen are all based on allegations of ineffective assistance of counsel. Specifically, Petitioner alleges that his counsel was ineffective for failing to object to jury instruction six (Ground Five), for failing to utilize expert testimony (Ground Six), for failing to adequately and properly conduct an investigation into

11

discovery material (Ground Eight), because his trial counsel had a conflict of interest (Ground Nine), for failing to investigate the theory that the victim committed suicide (Ground Eleven), for failing to ask a witness about a discrepancy in his testimony and about a letter he wrote that stated that Petitioner was innocent (Ground Twelve), and for failing to have all evidence tested (Ground Fourteen).

Although Petitioner could not raise these ineffective assistance of counsel claims on direct appeal of his conviction, he did have the opportunity to raise the claims in his motion for post-conviction relief. *See State v. Giaimo*, 968 S.W.2d 157, 159 (Mo. Ct. App. 1998) ("Claims of ineffective assistance of counsel cannot be raised in a direct appeal, but can be raised only in a Rule 29.15 motion for post-conviction relief."). Petitioner failed to take advantage of this opportunity, and did not raise the above listed ineffective assistance of counsel claims in his Rule 29.15 motion. Because Petitioner did not present the claims "'at each step of the judicial process,'" this Court cannot now consider them in federal habeas proceedings. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).

As explained in the preceding sections, the only exception to this procedural bar is if Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Having already ruled out the latter option due to Petitioner's failure to allege a substantive claim of actual innocence, this Court will only addressPetitioner's cause and prejudice argument. In an attempt to excuse his default, Petitioner argues that he did not raise the issues presented in Grounds Five, Six, Eight,

12

Nine, Eleven, Twelve, and Fourteen because his post-conviction counsel refused to do so. As stated above, ineffective assistance of post-conviction counsel cannot be cited to establish cause for procedural default because there is no constitutional right to effective counsel during such proceedings. *See id.* at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007) (noting that "where there is no constitutional right to counsel there can be no deprivation of effective assistance"). Thus, Petitioner has not demonstrated sufficient cause and prejudice for his procedural default of Grounds Five, Six, Eight, Nine, Eleven, Twelve, and Fourteen.

The Court concludes that Petitioner's Grounds Five, Six, Eight, Nine, Eleven, Twelve, and Fourteen are procedurally barred.

### C. GROUND SEVEN - ADDRESSED ON THE MERITS

After completing the procedural default analysis, the sole remaining ground for relief is Petitioner's Ground Seven, in which he asserts that trial counsel was ineffective for failing to abide by Petitioner's desire to have "defense witnesses" and "endorsed witnesses" subpoenaed. Although Respondents argue that Petitioner defaulted on this claim by failing to raise it in state court, this Court agrees with Magistrate Judge Buckles and will construe Petitioner's Ground Seven to allege that trial counsel was ineffective for failing to call Ken Rodery, Rachel Rodery, Rodney Gillihan, Mary Ann Graves, and Richard Hastings. These are the five witnesses that Petitioner referred to in his ineffective assistance of counsel argument on appeal of the denial of his post-conviction motion. Because Petitioner properly asserted the argument in state court, this Court can consider this ineffective assistance of counsel claim.

An ineffective assistance of counsel claim requires a showing that counsel's conduct fell below the standard of professional reasonableness, and that there is a reasonable probability that the outcome would have been different had counsel acted professionally. *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). "In determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). This standard is heightened in the context of a § 2254 petition, as the Petitioner must show both that he has satisfied the *Strickland* test, and that the state court applied *Strickland* "in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004).

The Missouri Court of Appeals gave the following summary of Petitioner's ineffective assistance of counsel argument:

> Movant's second point claims that counsel was ineffective for not calling Ken Rodery ("Rodery"), Rachel Rodery ("Rachel"), Rodney Gillihan ("Gillihan"), Mary Ann Graves ("Graves"), and Richard Hasting ("Hasting") (collectively, "the witnesses") during trial. At trial, Lovell and Croy both testified that Movant was riding with them in Croy's red Oldsmobile on the night of the murder. Colter testified for the State that he saw a pickup in the parking lot and was then passed by a red car going very fast. Movant, however, claims that the witnesses would have given testimony indicating the presence of a different vehicle at the crime scene and had the jury heard this testimony a reasonable probability exists that they would have had reasonable doubts about the credibility of the State's witnesses and the overall allegations against Movant.
>
> * * *
>
> Rodery would have testified that he was driving seventy mile per hour past Bud's Country Store when he heard gunshots, glanced at the parking lot, and saw two pickup trucks, one of which was maybe red. His daughter, Rachel, was ten years old

at the time of this incident and would have testified that she was riding with her father when she heard a gunshot and saw a man with what "looked like" a goatee or beard in the parking lot. Gillihan would have testified that he saw a white car in the parking lot, but he "wasn't really looking." Graves would have testified that she saw a green car by the dumpster in the parking lot and it was there after the police arrived. Finally, Hasting would have testified that he saw a car by the gas pump and he didn't "think it was red," but he "never really... paid a whole lot of attention to it."

*Phillips v. State*, 214 S.W.3d 361, 366 (Mo. Ct. App. 2007).

The Court first must consider whether Petitioner's trial counsel's performance fell below the standard of professional reasonableness. Petitioner's trial counsel, Shawn Boyd, testified at the evidentiary hearing held by the Missouri Court of Appeals in conjunction with Petitioner's motion for post-conviction relief. In response to a question regarding why he decided not to call Ken Rodery, Rachel Rodery, Rodney Gillihan, Mary Ann Graves, and Richard Hastings, Mr. Boyd stated:

> I recall reviewing that discovery repeatedly, and when it's all said and done, I just seem to recall that they wouldn't have helped us and they could have hurt us in some instances. So I tried to call as many witnesses as I could at trial that would help us. I think I did call several, but I just probably thought that they wouldn't help us. I can't remember anything else about that.

(Transcript, Resp.'s Ex. F, p.51 l.13-20). Later, Mr. Boyd also testified that "I do remember, I think, that a reason I didn't call one or maybe more of those people is because the timing wasn't right." (Transcript, Resp.'s Ex.F, p.55 l.6-8). It is clear from this testimony that Petitioner's trial counsel carefully considered the benefits and risks associated with each potential witness's testimony, and then made an educated decision regarding which witnesses to call based on those considerations. "[A] reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw

15

unfavorable inferences.'" *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). Due to the "strong presumption that counsel's strategic choices were reasonable," *Forsyth v. Ault*, 537 F.3d 887, 891 (8th Cir. 2008), and Petitioner's failure to rebut the presumption, the Court cannot conclude that trial counsel's performance was unreasonable.

While the Court need not address the prejudice prong of the *Strickland* test, it is important to note that even if Petitioner were able to establish that trial counsel's performance fell below the standard of professional reasonableness, Petitioner would be unable to prove the second prong of the *Strickland* test, that there is a reasonable probability that the outcome would have been different. The likely testimony of the witnesses at issue, which is set forth above, as described by the Missouri Court of Appeals, is either couched in terms of uncertainty or is irrelevant to the ultimate issues in Petitioner's criminal case. It is clear to the Court that the unpersuasive testimony of these witnesses would not be sufficient to establish prejudice.

The Court concludes that Petitioner's ineffective assistance of counsel claim, based on trial counsel's failure to call Ken Rodery, Rachel Rodery, Rodney Gillihan, Mary Ann Graves, and Richard Hastings as witnesses, must fail as a matter of law. Ground Seven, the only ground for relief that is not procedurally barred, will be denied.

## IV.   CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "'the applicant has made a substantial showing of the denial of a constitutional right.'" *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)); *see also Langley v. Norris*, 465 F.3d 861, 862-63 (8th Cir. 2006). Petitioner has made no such showing. Furthermore, the Court does not believe that

reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). *See Slack*, 529 U.S. at 483-84. Therefore, the Court will not issue a certificate of appealability as to any claim raised in the Petition, and the Court will deny Petitioner's Motion for Certificate of Appealability [doc. #46].

## V.     CONCLUSION

The Court has reviewed Magistrate Judge Buckles' Report and Recommendation, and Petitioner's objections thereto, and concludes that these objections are without merit. The Court hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Donald Ray Phillips' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability [doc. #46] is **DENIED**. The Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2254 Petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Production of Documents [doc. #48]; Petitioner's Motion to Re-Open Case [doc. #51]; and Motion to Amend Petitioner's Last Motion to the Magistrate Judge Report and Recommendation [doc. #52] are all **DENIED, as moot**.

Dated this 18th Day of November, 2010.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE